WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carly Morton,<br><br>      Plaintiff,<br><br>v.<br><br>Phoenix Police Department,<br><br>      Defendant. | No. CV-15-00405-PHX-BSB<br><br>**ORDER** |

  Plaintiff filed a Complaint in this matter on March 5, 2015. (Doc. 1.) On April 2, 2015, the Court granted Plaintiff leave to proceed in forma pauperis and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 6.) The Court dismissed the City of Phoenix Police Department and Plaintiff's negligence claim. (Doc. 6 at 8.) The Court also dismissed without prejudice Plaintiff's allegations of falsification of records, failure to investigate, and her claims against Defendant Metelski. (*Id.*) The Court stated that Plaintiff could file an amended complaint that cured the deficiencies noted in the Court's order by April 16, 2015. (*Id.* at 9.)

  On April 13, 2015, Plaintiff timely filed an Amended Complaint under 42 U.S.C. § 1983. (Doc. 7.) As discussed below in Section III.A, the Amended Complaint names the Phoenix Police Department as the only Defendant. Because the Court granted Plaintiff in forma pauperis status, it screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the Court dismisses the Amended Complaint with prejudice.

**I.      Screening under 28 U.S.C. § 1915(e)(2)**

When a party has been granted in forma pauperis status, the district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A) and (B)(i)-(iii). Although much of § 1915 details how prisoners can file proceedings in forma pauperis, § 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

"[A] complaint containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see* 28 U.S.C. § 1915(e)(2)(B)(i). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see* 28 U.S.C. § 1915(e)(2)(B)(i). When reviewing the adequacy of a complaint under § 1915(e)(2)(B)(ii), the court applies the same standard for dismissal of a complaint for failure to state a claim upon which relief may be granted contained in Federal Rule of Civil Procedure 12(b)(6). *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court accepts as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construes the pleadings in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (A complaint filed by a pro se plaintiff "'must be held to less

stringent standards than formal pleadings drafted by lawyers.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Additionally, to satisfy the pleading standards of Rule 8, a complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal under § 1915(e)(2)(B) should be with leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous).

**II.   The Allegations in Plaintiff's Complaint**

Plaintiff alleges that in 2012 she was a sports official with the Arizona Interscholastic Association, Inc. (AIA). (Doc. 7 at 2.) Plaintiff refereed games that were on the AIA schedule. (*Id.*) On October 9, 2012, Plaintiff went to the AIA headquarters to speak with a staff member about game assignments and sexual harassment. AIA called 911 and reported that Plaintiff was trespassing. (*Id.*) Plaintiff alleges that Police Officer Mark Metelski and two other officers arrived on the scene. Plaintiff further alleges that Charles Schmidt, the Associate Executive Director and Chief Operating Officer of AIA, stated that Plaintiff's employment as a referee had been terminated and that she did not have any games on the schedule. (*Id.* at 3.) Plaintiff alleges that Schmidt did not have the authority to terminate her employment and that her employment was not terminated before April 9, 2012. (*Id.*) She also alleges that she told the police officers

she was a member of AIA, she had not been terminated, she had games on the schedule, and Schmidt was harassing her. (*Id.*)

Plaintiff alleges that the "police officers" bullied her and "unreasonably interrogated" for two to three hours. (*Id.*) Plaintiff alleges that the police officers coerced her and took her to a psychiatric facility. (*Id.*) She also alleges that "Defendant later falsified public records with AIA stating that Plaintiff left and came back with 'something' referring to a weapon or something violent in nature." (*Id.*) Plaintiff alleges that she was denied "equal protection of the laws" because "they didn't tell Schmidt they were getting angry with him, or suggest that he leave" and the "police officers did not investigate a higher income Chief Operating Officer [Schmidt], or coerce him as a harasser who needs help." (Doc. 7 at 3.) Plaintiff further alleges that her Due Process and Equal Protection rights were violated because the police officers "failed to investigate by discriminating against Plaintiff and in taking a man's word over a woman." (*Id.*)

Plaintiff alleges that she was injured by being unlawfully brought to a psychiatric facility by Metelski and that Defendant has a custom of improperly dropping people off at Connections AZ. (Doc. 7 at 4.) Plaintiff seeks monetary damages for intimidation tactics, embarrassment, depression, loss of work, feelings of hopelessness, and a negative public record that portrays Plaintiff as mentally unstable. (*Id.*) She also seeks an order expunging the "Police and Magellan Health records." (*Id.*)

### III.    Plaintiff's Complaint Fails to State a Claim

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Additionally, to state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which she complains was committed by a person acting under the color of state law, and (2) the conduct deprived her of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. The Phoenix Police Department

The caption of the Amended Complaint names the Phoenix Police Department as the only Defendant. (Doc. 7 at 1.) Additionally, the first paragraph states that Plaintiff makes "the following claims against Defendant Phoenix Police Department, a party, hereinafter 'Defendant.'" (Doc. 7 at 1.) She later describes "Defendant" as "a governing body of law enforcement . . . ." (*Id.* at 2.) The body of the Amended Complaint includes allegations against police officer Mark Metelski and two John Doe police officers. (Doc. 7 at 3.) However, the Amended Complaint does not refer to Metelski or the John Doe police officers as Defendants. Similar to the Amended Complaint, the caption of Plaintiff's Complaint named the "City of Phoenix Police Department" as the only Defendant. (Doc. 1.) However, because the body of the Complaint specifically identified Metelski as a Defendant, the Court considered him a Defendant. (Doc. 6 at 1 n.1.) Because the Amended Complaint identifies the Phoenix Police Department as the only Defendant, and the body of the Amended Complaint does not identify any other individual or entity as a Defendant, the Court finds that the Phoenix Police Department is the only Defendant in this matter.

A municipal police department is not a "person" within the meaning of § 1983. *See Shivers v. City of Phoenix Police Dep't*, 2010 WL 2802521, at *2 (D. Ariz. Jul. 14, 2010) (citing *Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504, 510 (D. Conn. 2008)); *Watson-Nance v. City of Phoenix*, 2009 WL 792497, at *9 (D. Ariz. Mar. 24, 2009) (stating that "the Phoenix Police Department is an unauthorized

Defendant under federal and state law and must be dismissed."); *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 366 (E.D. Pa. 2002).  Therefore, the Phoenix Police Department is not a proper Defendant.

In the April 2, 2015 Order, the Court dismissed the Phoenix Police Department as an improper Defendant. (Doc. 6 at 4-5, 8.)  After stating that the Phoenix Police Department was not a proper Defendant, the Court advised Plaintiff that a municipality is a "person" for purposes of § 1983 and, therefore, a municipality such as a city or county, may be sued. (Doc. 6 at 4-5 (citing *Leatherman v. Tarrant Cnty Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell v. Dep't of Soc. Servs of the City of New York*, 436 U.S. 658, 694 (1978).)  The Court also explained how to state a claim against a municipality under § 1983. (Doc. 6 at 4-5.)  Despite this information, Plaintiff's Amended Complaint names only the Phoenix Police Department as a Defendant.  Because the Amended Complaint does not name a proper Defendant under section 1983, the Court dismisses the Amended Complaint.  Additionally, as discussed below, the Amended Complaint fails to state a claim.

### B. Equal Protection Claim

The Amended Complaint alleges an equal protection claim. (Doc. 7 at 3.)  The Complaint did not specifically allege an equal protection claim. (Doc. 1.)  However, the Court found that, liberally construed, Plaintiff appeared to allege a violation under the Equal Protection Clause. (Doc. 6 at 5-7, 8.)  The Court discussed the standard for stating an Equal Protection claim and dismissed without prejudice Plaintiff's equal protection claim for failure to state a claim. (*Id.*)  As discussed below, although the Amended Complaint includes more detail than the Complaint, it does not state a claim for a violation of the Equal Protection Clause.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (internal

quotations omitted). An equal protection claim may be established in two ways. The first requires a plaintiff to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff does not allege that Defendant acted with discriminatory intent based on Plaintiff's membership in a protected class. Accordingly, she does not state a claim under this theory.

When the challenged action does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that she was "intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff alleges that the police officers did not tell a male, Schmidt, that they were getting angry with him or suggest that he leave, and did not interrogate Schmidt, a higher income Chief Operating Officer, or coerce him as a harasser. (Doc. 7 at 3.) Plaintiff does not allege that she was similarly situated to Schmidt, that she was intentionally treated differently from him, or that there was no rational basis for any alleged difference in treatment. Accordingly, Plaintiff fails to state an Equal Protection claim.

### C. Falsification of Public Records and Failure to Investigate

Plaintiff also alleges that Defendant falsified public records and failed to thoroughly investigate. (Doc. 7 at 3.) Plaintiff asserted these same claims in her Complaint and the Court dismissed them without prejudice. (Doc. 6 at 7-8.) The Amended Complaint does not cure the deficiencies that the April 2, 2015 Order identified. Accordingly, based on the reasoning in the April 2, 2015 Order, the Court dismisses Plaintiff's allegations of falsification of public records and failure to investigate for failure to state a claim under § 1983.

### D. Due Process Claim

Finally, Plaintiff argues that her due process rights were violated because "the police officers failed to investigate by discriminating against Plaintiff in taking a man's word over a woman." (Doc. 7 at 3.) She states that, as a result, Metelski drove her to a

- 7 -

psychiatric facility, she was "released by the facility," and she was "offered a bus pass by ConnectionsAZ."  (*Id.* at 3-4.)  Plaintiff alleges that "Defendant has a custom of improperly dropping people off there."  (*Id.* at 4.)

As previously stated, the only Defendant in the Amended Complaint is the Phoenix Police Department, which is not a proper Defendant in a section 1983 action. Additionally, even assuming Plaintiff named a municipality as a Defendant, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell*, 436 U.S. at 694.

Plaintiff alleges that Defendant has a policy of improperly dropping people off at ConnectionsAZ, which she identifies as a psychiatric facility.  This conclusory allegation is insufficient to state a § 1983 claim.  *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (conclusory allegation that defendant county had policies, customs, or practices relating to the custody and care of dependent minors failed to state a claim); *see also Nevels v. Maricopa Cnty.*, 2012 WL 1623217, at *3 (D. Ariz. May 9, 2012) (quoting *Hernandez*, and finding the plaintiff's complaint insufficient where it failed to "identify any specific policies or customs . . . or explain how those policies led to the deprivation of his constitutional rights."); *Fernandez v. City of Phoenix*, 2012 WL 2343621, at *2 (D. Ariz. Jun. 20, 2012) ("Plaintiffs have not alleged any facts concerning the City's particular policies, practices or customs surrounding excessive force.  Their non-specific allegation is not sufficient to survive a motion to dismiss.").  Accordingly, the Court dismisses Plaintiff's due process claim for failure to state a claim.

**IV.  Conclusion**

Plaintiff's Amended Complaint fails to name a proper Defendant and fails to state a claim.  Because the Court has already granted Plaintiff an opportunity to amend her

Complaint, the Court dismisses the Amended Complaint with prejudice. Furthermore, Plaintiff's claims are untimely and permitting further amendment would be futile.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Doc. 7) is **DISMISSED** with prejudice because it fails to name a proper defendant and fails to state a claim.

Dated this 15th day of April, 2015.

*Bridget S. Bade*
United States Magistrate Judge

---

[1] The Court notes that Plaintiff's allegations are based on events that occurred on October 9, 2012. "It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims[.]" *Action Apt. Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). "The applicable statute of limitations for personal injury claims in Arizona is two years." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). Because the Amended Complaint is based events that occurred on October 9, 2012 and Plaintiff commenced this section 1983 action on March 5, 2015, Plaintiff's claims are untimely.

- 9 -